**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE**

Civil Action No. 06-cv-02195-LTB-CBS

VACATION TRAVEL INTERNATIONAL, INC.,

Plaintiff,

v.

SUNCHASE BEACHFRONT CONDOMINIUM OWNERS ASSOCIATION, INC., a foreign corporation;

Defendant.

_____

**Order**
_____

Defendant Sunchase Beachfront Condominium Owners Association, Inc., ("Association") moves to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and to transfer venue under 28 U.S.C. § 1404(a), a claim for breach of contract by plaintiff Vacation Travel International, Inc. ("VTI"). For the reasons discussed below defendant's motions are DENIED.

### I. BACKGROUND

VTI is a Colorado corporation that arranges vacation travel for its customers. Most relevant to this case, VTI arranges accommodations for students throughout the country during Spring break. The Association is the association of 64 Owners of condominium units located at Sunchase Beachfront Condominiums in South Padre Island, Texas. The Association owns no property in Colorado, has no Colorado employees or agents and does not advertise in Colorado.

The origin of this dispute lies in a business relationship established in1994 between Jim Moldane ("Moldane"), President and Owner of VTI, and Cecil Gunn ("Gunn"), who was at the

time Manager of the Sunrise Beachfront Properties and the registered agent and Vice President of the Association. Gunn and VTI arranged to rent out units at Sunrise Beachfront Properties each year for Spring break. Gunn would identify units available for rental, VTI would pay Gunn for these properties and rent them to Spring break vacationers. This arrangement continued without apparent incident from 1994 until 2003.

In January of 2004, VTI, based on its agreement with Gunn, made initial arrangements with customers to rent units for Spring break for 2004.  However, in early 2004 Gunn left his position as Manager of the Owners Association; it is unclear if this was voluntary or if Gunn was "relieved of his responsibilities" by the Association. In February of 2004, the President of the Association communicated to VTI that it could not rent out any of the condominium units for the upcoming Spring break due to structural problems rendering the units unsafe.

VTI filed this suit for breach of contract in Colorado state court July 7, 2006; defendants then removed the case here.  Defendants moved to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) on November 8, 2006. In an Order March 8, 2007 I found and concluded that VTI had established that the Association had minimum contacts with Colorado sufficient to confer personal jurisdiction, but I held this motion in abeyance to allow both parties to address the second prong of the jurisdictional analysis, whether imposing Colorado jurisdiction on the Association offends traditional notions of fair play and substantial justice. The Association now moves, in the alternative, that if I find jurisdiction appropriate in Colorado I nevertheless transfer venue to the Southern District of Texas, Brownsville Division. This Order addresses both of the Association's motions.

## II.  MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

A.      Standard of Review

In a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proving jurisdiction exists. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). However, where, as in the present case, such a motion is decided on the basis of affidavits and without an evidentiary hearing, the burden on plaintiff is light. *Id.* "The plaintiff need only make a prima facie showing that jurisdiction exists." *Id.* For the purposes of this motion I presume all uncontroverted allegations in the complaint are true. *Id.* "If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Kennedy v. Freeman,* 919 F.2d 126, 128 (10th Cir. 1990).  However, I accept as true only plaintiff's well-pled facts, not mere conclusory allegations. *Wenz,* 55 F.3d at 1505.

B.      Fair Play and Substantial Justice

To establish personal jurisdiction in Colorado, VTI must show both that the Association has minimum contacts with Colorado and that jurisdiction in Colorado is "reasonable;" that it does not offend "notions of fair play and substantial justice. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1095 (10th Cir. 1998). This Order addresses whether imposing jurisdiction in Colorado on the Association offends due process in spite of its Colorado contacts.

Courts analyze five factors in this "reasonableness" analysis: "(1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies." *Id.*  Where a defendant's forum state contacts

are weak, a lesser showing of "unreasonableness" may be sufficient to deny jurisdiction. *Id.* Conversely, where minimum contacts are strong, defendant will have to make a strong showing of unreasonableness to deny jurisdiction. *Id.*

    1.    Burden on Defendant

"While not dispositive, the burden on the defendant of litigating the case in a foreign forum is of primary concern in determining the reasonableness of personal jurisdiction." *Id.* at 1096. The Association contends that this factor weighs heavily in its favor, since it has no employees, agents or representatives in Colorado, and because many of its 64 property owners, and the property the Association owns, are all in Texas. However, at issue in this case is the existence, scope and breach of a putative contractual relationship between VTI and the Association. It is unclear how, if at all, the 64 individual property owners or their property are relevant to this dispute. Some current and former officers of the Association, as well as Gunn, would need to travel to Colorado as witnesses. But this is not an overly onerous burden on the Association. This factor does not favor either party.

    2.    Forum State's Interest in Resolving the Dispute

"States have an important interest in providing a forum in which their residents can seek redress for injuries caused by out of state actors." *Id.* Here, accepting the facts as alleged by VTI, Gunn as an agent of the Association had ongoing contractual relations with VTI, a Colorado corporation, and the Association breached this contract. Colorado has an interest in redressing VTI's injury, so this factor favors VTI.

    3.    Plaintiff's Interest in Receiving Convenient and Effective Relief

This factor considers "whether the plaintiff may receive convenient and effective relief in

4

another forum." *Id.* at 1097. This factor is particularly important where "a plaintiff's chances of recovery will be greatly diminished by forcing him to litigate in another forum because of that forum's laws or because the burden may be so overwhelming as to practically foreclose pursuit of the lawsuit." *Id.* Here, while it is no doubt more convenient to VTI to pursue this claim in Colorado, there is nothing about the nature of this case that precludes effective relief in Texas, nor is there any particular facet of Texas law that precludes VTI's relief. Moreover, the record shows that Gunn travels at least occasionally to Texas. This factor favors neither party.

  4.  Interstate Judicial System's Interest in Obtaining the Most Efficient Resolution of Controversies

This factor considers whether the forum state is the most effective place to litigate the case, and encompasses such factors as the location of witnesses, where the underlying wrong occurred, what forum's substantive law will govern, and whether jurisdiction in the forum state is necessary to preclude piece-meal litigation. *Id.* At this stage of the litigation, it is unclear where the bulk of the witnesses reside, but at least some are currently in Texas. It also is unclear which state's substantive law will prevail. Piece-meal litigation is not a concern here. This factor does not favor either party.

  5.  The Shared Interest of the Several States in Furthering Fundamental Substantive Social Policies

This factor does not appear to be relevant, since it is unclear how exercising Colorado jurisdiction over the Association will impact the social policies of other states.

In balancing these factors, I conclude that exercising jurisdiction over the Association in Colorado would not offend traditional notions of fair play and substantial justice. As I stated in the March 8, 2007 Order, VTI has established a prima facie case of the Association's contacts

5

with Colorado that include a nine-year business relationship, which likely amounted to hundreds of thousands of dollars in transactions, and numerous faxes, phone calls and mail communications. While litigating in Colorado imposes some burden on the Association, this burden is not so onerous or severe as to overcome the Association's Colorado contacts.

### III.   MOTION TO TRANSFER VENUE

The Association moves, in the alternative, to transfer venue under 28 U.S.C. § 1404(a) to the Southern District of Texas, Brownsville Division. Section 1404(a) states "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." I decide motions for transfer of venue based on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The burden is on the party seeking the transfer to show that the existing forum is inconvenient. *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1515 (10th Cir. 1991).  "Unless the evidence and the circumstances of the case are strongly in favor of the transfer the plaintiff's choice of forum should not be disturbed." *Texas Gulf Sulphur Co. v. Ritter,* 371 F.2d 145, 147 (10th Cir. 1967).

In evaluating convenience to the parties and witnesses and the interests of justice,  I consider numerous factors, including:

> "The plaintiff's choice of forum; the accessibility of witnesses and
> other sources of proof, including the availability of compulsory
> process to insure attendance of witnesses; the cost of making the
> necessary proof; questions as to enforceability of a judgment if one
> is obtained; relative advantages and obstacles to a fair trial; difficulties
> that may arise from congested dockets; the possibility of the existence
> of questions arising in the area of conflict of laws; the advantage of
> having a local court determine questions of local law; and all other
> considerations of a practical nature that make a trial easy, expeditious

      and economical."

*Chrysler Credit Corp.,* 928 F.2d at 1516.

The Association, relying largely on its arguments from its motion to dismiss for lack of personal jurisdiction, argues that the bulk of the witnesses and documents are in Texas, that compulsory process is available in Texas but not in Colorado, that the costs of litigating in Colorado are prohibitive for the Association, and any judgment against the Association would be enforced in Texas. The Association also asserts that Texas law will govern this dispute.

I find these arguments unpersuasive. At this stage of the case, it is unclear how many or which witnesses will be necessary to address the issues of the existence and scope of this contract and whether there was a breach. Nothing suggests that all 64 property owners are necessary witnesses, since most of them have no specific information about the dealings between Gunn and Moldane. The Association's affidavits are not specific as to which witnesses it believes are necessary, and which of these witnesses will be unwilling to travel to Colorado to testify. One critical witness, Gunn, states in his affidavit that he has traveled "on many occasions" to Colorado, suggesting that his participation in a Colorado trial is not particularly onerous. It is too early in this case to draw any conclusions about which state's law will apply.   While there is no doubt some inconvenience to the Association in litigating in Colorado, this burden is not so great as to overcome plaintiff's choice of forum.

It is so Ordered that

1) The Association's Motion's to dismiss for lack of personal jurisdiction (Docket #5) is DENIED; and

2) The Association's Motion to Transfer Venue (Docket # 16) is DENIED.

**DONE and ORDERED,** this  9th  day of May 2007 at Denver, Colorado.

                                                              s/Lewis T. Babcock
                                           United States District Chief Judge