IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 06-cv-02195-LTB

VACATION TRAVEL INTERNATIONAL, INC.,

    Plaintiff,

v.

SUNCHASE BEACHFRONT CONDOMINIUM OWNERS ASSOCIATION, INC., a foreign corporation,

    Defendant.
_____

**ORDER**
_____

    This breach of contract case is before me on Plaintiff, Vacation Travel International, Inc.'s, Motion to Amend or Alter Judgment on Defendant's Motion for Summary Judgment [**Docket # 76**], Defendant, Sunchase Beachfront Condominium Owners Association, Inc.'s, Response [**Docket # 79**], and Plaintiff's Reply [**Docket # 80**]. Oral argument would not materially assist the determination of this motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, I DENY Plaintiff's Motion to Amend or Alter Judgment on Defendant's Motion for Summary Judgment [**Docket # 76**].

## I.  BACKGROUND

    This case concerns the rental of condominiums on South Padre Island in Texas. Defendant is the homeowners association for the condominium complex. Plaintiff is a travel agency that arranged spring break excursions for college students. Plaintiff alleges Defendant breached a contract to rent certain condominiums during the spring break period in 2004. Plaintiff filed the present case on July 7, 2006, in Denver County District Court. The case was

subsequently removed to this Court on November 1, 2006 [**Docket # 1**].

I granted summary judgment in favor of Defendant on June 17, 2008 [**Docket # 73**]. In granting summary judgment, I held Plaintiff failed to show a material question of fact existed whether Defendant was party to the alleged contract—which was never produced by either party—or whether Defendant was otherwise obligated under the contract because of an agency relationship with Cecil Gunn—the manager of the condominium complex and the sole proprietor of the rental agency that arranged the rentals with the individual unit owners.

Plaintiff now moves the Court to amend the June 17, 2008, Order so as to deny Defendant's prior motion for summary judgment. Plaintiff asserts: (1) the Court has misapprehended the standard of review when considering a motion for summary judgment; and (2) the Court has misapprehended the controlling law and facts of the case.

## II. STANDARD OF REVIEW

Plaintiff files this motion under FED. R. CIV. P. 59(e). The purpose of a Rule 59(e) motion "is to correct manifest errors of law or to present newly discovered evidence." *Committee for First Amendment v. Campbell,* 962 F.2d 1517, 1523 (10th Cir. 1992). Such a motion may be granted when there is an intervening change in controlling law, when new evidence becomes available, or when there is a need to correct clear error or prevent manifest injustice. *Mantle Ranches Inc., v. U.S. Park Service,* 950 F. Supp. 299, 300 (D. Colo. 1997). A Rule 59(e) motion is appropriate where "the court has patently misunderstood a party, has made a decision outside the adversarial issues presented, has made a mistake not of reasoning but of apprehension or there has been a significant change or development in the law or facts since submission of the issues to the court." *Gregg v. Am. Quasar Petroleum Inc.,* 840 F. Supp. 1394, 1401 (D. Colo. 1991). "A motion for reconsideration is not a license for a losing party's attorney

to get a second bite at the apple and make legal arguments that could have been raised before." *Mantle Ranches,* 950 F. Supp. at 300. "A party cannot invoke Rule 59(e) to raise arguments or evidence that could and should have been presented during the summary judgment process." *Buell v. Sec. Gen. Life Ins. Co.*, 784 F. Supp. 1533, 1536 (D. Colo. 1992).

### III. ANALYSIS

Plaintiff presents no argument that there has been a change in law or that new evidence is available. Accordingly, to obtain the relief it seeks, Plaintiff must show clear error or manifest injustice in the June 17, 2008, Order. *See Mantle Ranches*, *supra*, 950 F. Supp. at 300. Plaintiff initially argues the Court has misapprehended the standard of review when considering a motion for summary judgment. Specifically, Plaintiff claims the Court failed to view the evidence in the light most favorable to the nonmoving party and failed to resolve all doubts in favor of the existence of triable issues of fact. On page 3 of the June 17, 2008, Order, I held summary judgment would be improper "if—viewing the evidence in the light most favorable to the non-moving party and drawing all inferences in that party's favor—a reasonable jury could return a verdict for the nonmoving party." I then held Plaintiff provided no evidence supporting its position even under this liberal standard—the same standard Plaintiff argues I should have applied. Accordingly, Plaintiff points to no clear error or manifest injustice sufficient to entitle it to relief under Rule 59(e) on this issue. *See Gregg*, *supra*, 840 F. Supp. at 1401 (holding Rule 59(e) is appropriate only where the Court has made an error "not of reasoning but of apprehension").

Plaintiff next argues the Court has misapprehended the controlling law and facts of the case on (1) whether a contract existed between Plaintiff and Defendant and (2) whether Cecil Gunn acted as Defendant's agent. As to the existence of a contract between the parties, Plaintiff largely rehashes its losing arguments from the summary judgment stage. As held in the June 17, 2008, Order, Plaintiff's evidence showed that—among the only two persons who ever saw the alleged contract—one believed the contract was with the rental agency and the homeowners and one could not recall the parties to the contract. This is insufficient evidence on which to find a material question of fact whether Defendant was a party.

Plaintiff now argues Defendant must have been a party by default to the original contract because it was Defendant's agent that informed Plaintiff the contract had been cancelled. Plaintiff did not raise this argument at the summary judgment stage and it is inappropriate to consider it here. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). To the extent Plaintiff's single sentence in its summary judgment response—"Also, it was Mr. Johnson, President of the Association, that informed Mr. Moldane that the contract would not be honored"—could be interpreted to address this issue, Plaintiff failed to cite any authority and failed to link this factual assertion to the legal theory now posited: that only a party to the contract could have told Plaintiff the contract was cancelled. Plaintiff is not entitled to a second bite at the summary judgment apple merely because it failed to adequately present its case in the first instance. *See id.*; *Shields v. Shelter*, 120 F.R.D. 123, 126 (D. Colo. 1988).

In addressing whether Cecil Gunn acted as Defendant's agent, Plaintiff once again simply recasts its losing arguments from the summary judgment stage and fails to identify any clear error or manifest injustice. At the summary judgment stage, Plaintiff failed to provide the Court with any evidence showing Defendant had the right to control both the "means and the details"

4

of the rental agreements between the individual homeowners and Plaintiff—a prerequisite to a finding of an agency relationship under Texas law. *See Del Carmen Flores v. Summit Hotel Group*, 492 F. Supp. 2d 640, 644–45 (W.D. Tex. 2006) (discussing cases); *Schott Glas v. Adame*, 178 S.W.3d 307, 315 (Tex. App. 2005) ("Where one has the right to control the end sought to be accomplished but not the means and details of the accomplishment; that is, only what shall be done, not how it shall be done, the person employed acts as an independent contractor and not as an agent.") (citations omitted).

Plaintiff also failed at the summary judgment stage to provide any evidence showing Defendant cloaked Gunn with the mantle of authority by its own words or conduct, but merely showed Gunn may have cloaked himself with such authority without Defendant's knowledge. Plaintiff's motion for reconsideration likewise points me to no evidence of what Defendant knew or did at all, but again only points to the actions and testimony of Gunn. This is insufficient evidence of apparent authority under Texas law to create a genuine issue of material fact. *See Walker Ins. Servs. v. Bottle Rock Power Corp.*, 108 S.W.3d 538, 550 (Tex. App. 2003).

## IV. CONCLUSION

Accordingly, Plaintiff's Motion to Amend or Alter Judgment on Defendant's Motion for Summary Judgment [**Docket # 76**] is DENIED. Defendant is awarded its costs.

Dated: August __27__, 2008.

BY THE COURT:

　　s/Lewis T. Babcock　　　　
LEWIS T. BABCOCK, JUDGE